IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:12-cr-00154

THOMAS RAMEY, JR.

## DEFENDANT THOMAS RAMEY'S SENTENCING MEMORANDUM

Defendant Thomas Ramey, by counsel, hereby submits his sentencing memorandum. Mr. Ramey respectfully requests this Court to find a final offense level of 4 and to sentence him to probation. In the alternative, Mr. Ramey requests that the Court sentence him to a period of probation with a condition of home confinement. Mr. Ramey feels that probation or probation with a condition of home confinement will satisfy the sentencing factors this court must consider under 18 U.S.C. §3553(a).

### I. Outstanding Objections

Both the government and Mr. Ramey believe that he should be given a 2 level decrease for acceptance of responsibility and that his final offense level is 4. Mr. Ramey and the government agree that the stipulation of facts is fully correct. As to the stipulation of facts although some of Mr. Ramey's statements to the probation officer inadvertently conveyed a contrary suggestion, they were only intended to advance arguments about sentencing that are consistent with the stipulation.

## II. History and Characteristics of Mr. Ramey

Mr. Ramey is a 32 year old man who, prior to this offense, has never been arrested. Mr. Ramey was born and raised in Harts, Lincoln County, West Virginia, where he resided with his mother and his father. Both of Mr. Ramey's parents are in poor health as is Mr. Ramey's grandmother who lives next door to Thomas and his parents.

Thomas' father is a fully disabled coal miner who suffered a massive heart attack in 2006. The elder Mr. Ramey has a pacemaker and a defibrillator. Thomas' mother had a stroke approximately 4 months ago and just recently had her thyroid removed. Mrs. Ramey also suffers from heart disease. Mr. Ramey's paternal grandmother lives next door and she has had open heart surgery twice and she is nearly blind. Thomas lives at home and tends to his parents and his grandmother.

Mr. Ramey began his work in social justice issues while in high school trying to save his community school. Thomas started attending the Lincoln County Board of Education meetings and video taping all the meetings. Thomas started a grass root effort to fight school consolidation in Lincoln County, West Virginia, believing that it was extremely important for the smaller communities in rural areas to have their own local schools as a source of pride and to help avoid damaging, long school bus rides for their children.

Because of Thomas' active political involvement at a young age and his interest in the Lincoln County school system, young Mr. Ramey decided to run for the Lincoln County Board of Education. Thomas' campaigning consisted mainly of himself and his 8 year old nephew going door to door for the purpose of meeting as many voters as possible. Thomas, without the backing of any political faction, won a seat on the Lincoln County Board of Education and, at that time, was the youngest person to ever sit on a county Board of Education in West Virginia.

While Thomas was sitting on the school board a member of the Lincoln County Commission died and the two remaining commissioners were charged with picking a new commissioner. The two commissioners agreed to appoint Thomas Ramey to the position and, as the court can see from the letters that have been sent on behalf of Mr. Ramey, Thomas used his position as a commissioner to better the lives of the people living in Lincoln County, West Virginia. As the letters submitted to the court indicate, Thomas' main concern seems to be for the un's of the world; the underprivileged, the undereducated, the uninsured, and the uninformed.

Thomas' appointment to the Lincoln County Commission was not made until November 2009. Thomas had his first commission meeting the week before Thanksgiving and after his first meeting he caught a flight to China where he stayed for approximately 12 days. Upon his return to the United States he decided to file for the seat on the Lincoln County Commission. Filing for that office was at the beginning of January, 2010.

Thomas had never campaigned, nor had any type of relationship, with Jerry Bowman or Donald Whitten prior to the 2010 election. Thomas was in office for less than two months before he had to start campaigning for the seat he held. As a new commissioner Thomas had never been to an election training. The first training session he did attend was only available after the election.

Jerry Bowman and Donald Whitten told Thomas of the absentee voting option early in the 2010 election.

Prior to the 2010 election Jerry Bowman has stated that he, Tracy Dempsey, and Thomas Ramey met to discuss the prior election and campaign strategy for the upcoming election. Bowman recalled Dempsey stating something to the effect that you did not need an excuse to be eligible to vote an absentee ballot. Bowman also remembered during a conversation with Donald

Whitten, prior to the beginning of the campaign strategy to use absentee applications, that Whitten told him that as long as they marked number one or number seven they would be "ok". Several days later Mr. Bowman, Mr. Dempsey, Mr. Whitten, Mr. Ramey and Charles McCann met at a restaurant in Danville, West Virginia. Bowman again remembered that Mr. Whitten advised that as long as number one or number seven was marked on the absentee application "they should be ok." Bowman also advised the government that there was another meeting that approximately 10 people attended. At that meeting Whitten again told the group that as long as they marked number one or number seven on the applications they would be ok. Bowman stated that no one at the meeting questioned Mr. Whitten, who was in charge of the elections in Lincoln County.

It was Thomas' belief that voting absentee was a part of the no excuse early voting process, which required no excuse. Donald Whitten told both Thomas Ramey and Jerry Bowman that no excuse was needed. W. Va. Code §3-3-2(b)(1) states that "the completed application is to be on a form prescribed by the Secretary of State and is to contain the name, date of birth and political affiliation of the voter, residence address within the county, the address as which the ballot is to be mailed, *the authorized reason, if any*, for which the absentee ballot is requested...."

Counsel, as of the date of this memorandum, has received 79 letters of support for Thomas. Many of the letters state that the writer has never known Thomas to be anything less than honest, of high moral standards, and loyal to the underprivileged, passionate, and charitable. Thomas has touched many lives in Lincoln County and across West Virginia through his work with autistic children and dozens of other groups that Thomas has been either a member of their board of directors, a volunteer, or a participant. These groups include the Ronald McDonald House; Covenant House; Autism Society; Read Aloud West Virginia; and The Special Olympics.

Mr. Ramey resigned from his county commission seat early to give independent candidates a chance to run for his vacant seat. Two independent candidates, did in fact, file to run. If Thomas had waited past August 1 to resign the independent candidates could not have filed.

As Thomas moves forward the damaging label of being a felon will handicap him greatly. His numerous past goods and deeds offset, or at least equal, the damage caused in the election process in Lincoln County.

Thomas is no risk to the public. Years of charitable work and a true passion to help the underprivileged should be enough to prove to this court that Thomas, if granted probation or probation with a condition of home confinement will abide by all conditions. Mr. Ramey has resigned from his position as County Commissioner and has agreed not to run for public office for a minimum of 10 years. As evidenced by the letters of support tendered to the Court, Mr. Ramey's crime was a regrettable, isolated incident with no risk of reoccurrence.

Respectfully submitted,

Thomas Ramey, Jr.
By Counsel

/s/ Gregory J. Campbell
Gregory J. Campbell, Esq. (WVSB #608)
CAMPBELL LAW OFFICES
1412 Kanawha Boulevard, East
Charleston, WV 25301
(304) 342-4815 (telephone)
(304) 344-4038 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO: 2:12-cr-00154

THOMAS RAMEY, JR.

CERTIFICATE OF SERVICE

The undersigned does hereby certifies that on the 8th day of November, 2012, the foregoing **DEFENDANT THOMAS RAMEY'S SENTENCING MEMORANDUM** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Thomas C. Ryan
Assistant United States Attorney
Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 4000
Charleston, WV 25301

Steven R. Ruby
Assistant United States Attorney
Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 4000
Charleston, WV 25301

/s/ Gregory J. Campbell
Gregory J. Campbell, Esq. (WVSB #608)
CAMPBELL LAW OFFICES
1412 Kanawha Boulevard, East
Charleston, WV 25301
(304) 342-4815 (telephone)
(304) 344-4038 (facsimile